RECEIPT # 59924
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 8-13-04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS LOCAL UNION NO. 404 HEALTH SERVICES AND INSURANCE PLAN | Civil Action No. |
| Plaintiffs | 04-11777 NG |
| VS. | |
| JAMES P. COTE, RONALD R. LAROCQUE, ESQ. and MICHAEL R. LABRIE, ESQ. | August 11, 2004 |
| | MAGISTRATE JUDGE |
| Defendants | |

## COMPLAINT

The Plaintiff Trustees bring this action under the Employee Retirement Income Security Act of 1974, as amended from time to time ("ERISA") Section 502(a)(3), 29 U.S.C. §1132, seeking a Temporary Injunction pending the final determination of this claim and Permanent Injunction enjoining and prohibiting Defendant James P. Cote ("Mr. Cote"), his attorneys, Defendant Ronald R. LaRocque, Esq. and Michael R. Labrie, Esq. ("Defendant Attorneys"), or any person acting on their behalf from distributing the proceeds from the negotiated settlement of a tort claim brought by Defendant Cote in relation to a motor vehicle accident that occurred on April 14, 2002. The Plaintiffs seek to impose a constructive trust on all proceeds received by Defendant Cote and his attorneys as part of any such settlement. The Plaintiffs seek an order and judgment directing transfer of that trust to the Teamsters Local 404 Health Services and Insurance Plan to the full extent of its expenses advanced on behalf of Defendant Cote to pay claims related to this accident. A

cause of action is also brought under ERISA Section 502(a)(2), 29 U.S.C. §1132(a)(2) for breach of fiduciary duty under ERISA Sections 404 and 409, 29 U.S.C. §§1104 and 1109 for failing to hold the proceeds of the settlement in trust and disposing of plan assets. Plaintiffs also sue under ERISA Sections 406(a) and (b), 29 U.S.C. §§1106(a) and (b), claiming that the Defendants engaged in a "prohibited transaction" as fiduciaries and parties in interest.

## PARTIES

1.  Plaintiff Trustees of the Teamsters Local Union No. 404 Health Services and Insurance Plan (hereinafter the "Plan") are the Trustees of a multi-employer employee welfare benefit plan as those terms are defined in ERISA Sections 3(1) and (37), 29 U.S.C. Sections 1002(1) and (37). The Trustees are the "named fiduciary" of the Plan within the meaning of ERISA Section 3(21)(A), 29 U.S.C. §1002(21)(A), and the "plan administrator" within the meaning of ERISA Section 3(16)(A), 29 U.S.C. §1002(16)(A). The Plan is established and maintained by a Restated Agreement and Declaration of Trust and by Collective Bargaining Agreements, to which contributing employers are signatory. The Plan provides, *inter alia*, a plan of health and related benefits for eligible members of the Teamsters Local Union No. 404. The Plan is administered at 115 Progress Avenue, Springfield, Massachusetts, 01101.

2.  The Defendant, Cote, is a "participant" in the Plan within the meaning of ERISA §3(7), 29 U.S.C. §1002(7). His participation arises from his employment with transportation contractors who are signatory to collective bargaining agreements with the Local Union. To the extent Defendant Cote undertook and agreed to hold in trust and to

2

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

reimburse the Plan from all proceeds of any settlement in relation to the tort claim brought in relation to his accident of April 14, 2002, he is a fiduciary with respect to the Plan within the meaning of ERISA, Section 3(21)(A), 29 U.S.C. §1002(21)(A) and is a party in interest with respect to the Plan within the meaning of ERISA Section 3(14), 29 U.S.C. §1002(14). The Defendant, Cote, upon information and belief, resides at 721 Britton Street, Chicopee, MA 01020.

3. The Defendants, James P. LaRocque and Michael R. Labrie, are attorneys. Defendant Attorneys represented Defendant Cote in connection with his tort claim related to his accident of April 14, 2002. To the extent that Defendant Attorneys undertook and agreed to hold in trust and to reimburse the Plan from all proceeds of any settlement in relation to the tort claim brought in relation to Defendant Cote's accident of April 14, 2002, they are fiduciaries with respect to the Plan within the meaning of ERISA, Section 3(21)(A), 29 U.S.C. §1002(21)(A) and parties in interest with respect to the Plan within the meaning of ERISA Section 3(14), 29 U.S.C. §1002(14). The Defendant Attorneys have an office located at 641 Grattan Street, Chicopee, MA 01021.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action under Sections 502(e)(1) of ERISA, 29 U.S.C. Sections 1132(e)(1). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1331 as this action involves ERISA, 29 U.S.C. §1001, *et seq.*, a federal statute. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. Section 1132(e)(2) in that the Plan is administered in the District of Massachusetts.

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

## COUNT ONE - TEMPORARY AND PERMANENT INJUNCTIONS

5.  Upon information and belief, Defendant Cote incurred injuries as a result of a motor vehicle accident on April 14, 2002.

6.  The benefits provided under the Plan are outlined in the Summary Plan Description ("SPD"), which details the type of claims covered and excluded by the Plan. The SPD in effect at the time of Defendant Cote's accident provided that no coverage was provided for claims that "related directly or indirectly to the negligence, tortious conduct, malpractice or any other act of a third party, except if resulting from Domestic Violence".

7.  Under the terms of the SPD, the Trustees had the discretion to provide these benefits, if the participant and his attorney executed Reimbursement Agreement forms, agreeing to reimburse the Plan in full from the proceeds of any settlement, judgment or administrative decision related to the accident and acknowledging that the Plan had first priority lien on any such proceeds.

8.  Defendant Cote requested that the Plan advance payment of claims he incurred related to this accident. Pursuant to that request, Defendant Cote executed a Reimbursement Agreement dated April 29, 2002 and his attorney, Defendant LaRocque, executed a Reimbursement Agreement dated April 30, 2002.

9.  By the terms of the Reimbursement Agreement signed by Defendants Cote and Defendant Attorneys, Defendant Cote promised to:

> Reimburse the Plan <u>in full</u> out of any proceeds, however described or allocated, without any reduction for attorneys' fees that I, my spouse, or other covered dependent receives from a third party resulting from any court judgment, settlement,

4

arbitration award or payment which is in any way related to the accident, illness or injury described in this Reimbursement Agreement regardless of whether I have been fully compensated for damages incurred as a result of said accident, injury or illness.

10. The Reimbursement Agreement signed by Defendants Cote and Labrie also provided that:

By signing this Reimbursement Agreement, I am requesting that [my] attorney promise to hold any proceeds received from a third party as herein described in a constructive trust for the benefit of the Plan and that no distribution of any proceeds be made until arrangements to repay the claims have been approved by the Plan. I hereby direct my attorney or attorneys or any person or entity holding proceeds on my behalf to pay over such proceeds to the Plan. I understand that obtaining my attorney's agreement to hold such proceeds in constructive trust for the benefit of the Plan may be required before the Plan pays any covered expenses.

11. The Reimbursement Agreement signed by Defendants Cote and Defendant Attorneys also provided that:

If the Plan is required to institute legal action to recover amounts paid by the Plan, I acknowledge and agree that I also will be liable for interest on the amount due at the rate of one percent (1%) per month and the costs of collection, including reasonable attorneys' fees.

12. By the terms of the Reimbursement Agreement signed by Defendants Cote and Defendant Attorneys, Defendant LaRocque agreed:

I represent James P. Cote, the Participant, spouse or covered dependent in connection with an illness or injury for which a third party may be liable. At the request of my client and as a condition for payment by the Plan of my client's claims, I agree to hold proceeds received in connection therewith in the amount equal to the amount the Plan has paid on behalf of my

5

client(s), in trust for the Plan and agree not to distribute such proceeds until arrangements to repay the Plan have been approved by the Plan.

13. In reliance on, and pursuant to, the foregoing Reimbursement Agreements signed by Defendants Cote and Defendant Attorneys, the Plan advanced payment of claims related to Defendant Cote's motor vehicle accident.

14. The Plan advanced a total of *$30,521.54* in payment of claims incurred by Defendant Cote related to this accident.

15. In a letter dated April 21, 2004, the Defendant Attorneys stated that they would not honor the Plan's lien and would not reimburse the Plan for its expenses as promised in the Reimbursement Agreements.

16. The Defendants did not respond to a request for further information in a letter dated May 27, 2004.

17. Upon information and belief, the Defendants refuse to comply with the Reimbursement Agreements and refuse to reimburse the Plan for its expenses as agreed.

18. Upon information and belief, Defendants Cote and Defendant Attorneys have received partial settlement in the amount of *$100,000.00*.

19. Upon information and belief, all settlement proceeds are, or will be, in the possession of Defendants Cote and Defendant Attorneys, which the Defendants promised to hold in trust for the Plan and out of which the Defendants promised to reimburse the Plan for claims paid on Defendant Cote's behalf arising out of his motor vehicle accident of April 14, 2004.

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

20. As a result of the Defendants' conduct, the Plaintiffs have been injured and, upon information and belief, the Plaintiffs allege that the Defendants will continue to disregard the terms of the Plan and the Reimbursement Agreement and will fail to reimburse the Plan as agreed unless this Court enjoins the unlawful acts and conduct alleged herein.

21. ERISA Section 502 provides, in pertinent part, as follows:

(a) a civil action may be brought--...
   (3) by a participant, beneficiary or fiduciary
       1. to enjoin any act or practice which violates any provision of the subchapter or the terms of the plan, or
       2. to obtain other appropriate equitable relief
          (i) to redress such violations or
          (ii) to enforce any provisions of the subchapter or the terms of the plan...

22. As a result of the Defendants' unlawful conduct, substantial and irreparable injury to the Plaintiff Plan will be unavoidable unless the relief herein is granted.

23. For the foregoing reasons, the Plaintiffs are entitled to a Temporary and a Permanent Injunction under ERISA Section 502(a)(3) and Rule 65(a)(2) of the Federal Rules of Civil Procedure prohibiting the distribution of the proceeds recovered as a part of the settlement of Defendant Cote's tort claim concerning his accident of April 14, 2002. Defendant Cote and his attorneys are obligated under the terms of the Plan and the Reimbursement Agreements, executed by Defendant Cote dated April 29, 2002 and by Defendant Attorneys dated April 30, 2002, to reimburse the Plan for all expenses out of the proceeds of any such settlement.

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

24.   Plaintiffs are also entitled to reasonable costs and attorneys' fees pursuant to ERISA Section 502(g), 29 U.S.C. §1132.

## COUNT TWO - CONSTRUCTIVE TRUST

25.   Plaintiffs hereby incorporate by reference Paragraphs 1-24.

26.   Plaintiffs are entitled to appropriate equitable relief under ERISA Section 502(a)(3) including, *inter alia*, the imposition of a constructive trust on the proceeds recovered as a part of the settlement of Defendant Cote's tort claim concerning his accident of April 14, 2002, to the extent of the claims paid by the Plaintiff Plan on behalf of Defendant Cote, plus the costs of collection, interest and attorneys' fees as provided in the Plan documents and as agreed to in the Reimbursement Agreements executed by the Defendants, and an order directing the transfer of the trust to the Plan.

## COUNT THREE - BREACH OF FIDUCIARY DUTY UNDER ERISA)

27.   Plaintiffs hereby incorporate by reference Paragraphs 1-26.

28.   ERISA Section 3(21)(A), 29 U.S.C. §102(21)(A)(i) states:

> A person is a fiduciary with respect to a plan to the extent he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets.

29.   ERISA Section 404, 29 U.S.C. §1104, provides in pertinent part:

> (1)   A fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and –
>   (A)   for the exclusive purpose of:
>     (i)   providing benefits to participants and their beneficiaries; and

8

    (ii) defraying reasonable expenses of administering the plan;...

  ***

  (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and title IV.

30. ERISA Section 409, 29 U.S.C. §1109 provides that:

  (a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

31. Defendants Cote and Defendant Attorneys are fiduciaries with respect to the Plan under ERISA because they are or will be in possession of settlement proceeds that they agreed to hold in constructive trust for the Plan to the full extent of its expenses related to Defendant Cote's accident. The Defendants agreed that such proceeds were and are Plan assets. The Defendants, therefore, exercise authority and control over the disposition of Plan assets.

32. Defendants Cote and Defendant Attorneys breached their fiduciary duties with respect to the Plan by failing to hold the assets of the Plan in trust, as promised; by failing to repay the assets to the Plan, as promised; by failing to comply with the terms of the Plan documents; and by personally profiting thereby.

9

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

33. The Plaintiff Plan has been injured as a result of the Defendants' actions. Defendants are personally liable, jointly and severally, to the Plan under ERISA Sections 409 and 502(a)(2) for all losses it has suffered, to make the Plan whole, and to disgorge to the Plan any and all profits Defendants have received as a result of their breach.

## COUNT FOUR - PROHIBITED TRANSACTION

34. Plaintiffs hereby incorporate by reference Paragraphs 1-33.

35. ERISA Section 3(14), 29 U.S.C. §1002(14) defines a party in interest in pertinent part as:

    (A)    Any fiduciary, counsel or employee of such benefit plan.
    (B)    A person providing such services to the plan.

36. ERISA Section 406(a) of ERISA, 29 U.S.C. §1106(a) provides:

    (a)    Transactions between plan and party in interest. Except as provided in Section 408:
        (1)    A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect...

        \*\*\*
        (B)    lending of money or other extension of credit between the plan and a party in interest...

        \*\*\*
        (D)    transfer to, or use by or for the benefit of, a party in interest, or any assets of the plan...

37. ERISA Section 406(b), 29 U.S.C. §1106(b) provides in pertinent part:

    (b)    Transactions between plan and fiduciary. A fiduciary with respect to a plan shall not...

10

    (1)  deal with assets of the plan in his own interest or for his own account…

38. As set forth herein, by virtue of the commitment of Defendants Cote and Defendant Attorneys to hold proceeds from the settlement of Defendant Cote's lawsuit in trust for the Plan, and by virtue of their possession and control of Plan assets, they are fiduciaries and parties in interest. By retaining Plan assets and disposing of them in violation of their agreement with the Plan, Defendants violated ERISA's prohibitions against engaging in prohibited transactions.

39. As a result of the Defendants' conduct, the Plaintiff Plan has been injured. The Defendants breached their fiduciary duty by engaging in prohibited transactions and should be held personally liable to the Plan under ERISA Sections 409 and 502(a)(2) for all losses it has suffered as a result, to make the Health Plan whole and to disgorge to the Plan any and all profits Defendants have received as a result of their breach of fiduciary duty. Plaintiffs are entitled to reasonable costs and attorneys' fees pursuant to ERISA Section 502(g), 29 U.S.C. §1132.

**WHEREFORE, the Plaintiff Trustees pray for judgment as follows against the Defendants jointly and severally:**

 A. A Temporary Injunction prohibiting the Defendants, or any person acting on their behalf, from distributing the proceeds from the negotiated settlement of a tort claim brought by Defendant Cote in relation to his motor vehicle accident that occurred on April 14, 2002, pending the final determination of this claim.

 B. A Permanent Injunction prohibiting the Defendants, or any person acting on their behalf, from distributing the proceeds from the negotiated settlement of a tort claim brought by Defendant Cote in relation to his motor vehicle accident

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

       that occurred on April 14, 2002, pursuant to ERISA Section 502(a)(3), 29 U.S.C. §1132.

C.    Imposition of a constructive trust over the settlement proceeds presently in the possession or soon to be in the possession of the Defendants and directing a transfer of that trust to the Plaintiff Plan to the full extent of all claims paid by the Plan on Defendant Cote's behalf, together with interest, all costs of collection and reasonable attorneys' fees.

D.    Pursuant to ERISA Sections 409(a) and 502(a)(2), 29 U.S.C. 1109(a) and 1132(a)(2), Order the Defendants personally liable to the Plan, jointly and severally, for all losses it has suffered due to their breach of fiduciary duty, to make the Plan whole and to disgorge any and all profits gained by the Defendants due to their breach and prohibited transaction, pursuant to ERISA Section 406, 29 U.S.C. 1106.

E.    Award the Plaintiffs interest, attorneys' fees and costs pursuant to the terms of the Plan, the Reimbursement Agreements signed by the Defendants and ERISA Section 502(g), 29 U.S.C. §1132(g);

F.    Such other relief as the Court may deem appropriate.

DATED at East Hartford, Connecticut, this 11th day of August 2004.

                             THE PLAINTIFFS

                             Respectfully submitted,

                             */s/ John M. Brown*

                             John M. Brown, Esq.
                             ROBERT M. CHEVERIE &
                              ASSOCIATES, P.C.
                             Commerce Center One
                             333 East River Drive, Suite 101
                             East Hartford, CT 06108
                             BBO # 651103
                             THEIR ATTORNEY

# CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. Section 1132(h), this 11th day of August 2004.

Secretary of the Treasury
INTERNAL REVENUE SERVICE
P.O. Box 13163
Baltimore, MD 21203
Attn:   Employee Plans


Secretary of Labor
DEPARTMENT OF LABOR
200 Constitution Avenue, N.W.
Washington, D.C. 20210
Attn:   Assistant Solicitor for
        Plan Benefits Security

                                                                    _____
                                                                    JOHN M. BROWN, ESQ.

GSC.TRISTATE.404.LIEN REIMBURSEMENT.COTE
Complaint.8-11-04

13

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

JS 44
(Rev. 7/95)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.
(SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| TRUSTEES OF THE TEAMSTERS LOCAL UNION NO. 404 HEALTH SERVICES AND INSURANCE PLAN | JAMES P. COTE, RONALD R. LAROCQUE, ESQ. AND MICHAEL R. LABRIE, ESQ. |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Hampden (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Hampden (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) John M. Brown, Esq. **ROBERT M. CHEVERIE & ASSOCIATES, P.C.** 333 East River Drive, Suite 101 East Hartford, CT 06108    (860) 290-9610 | ATTORNEYS (IF KNOWN) |

04-11777-NG

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Action by Plan fiduciary to enforce the terms of the Plan under ERISA, 29 U.S.C., Section 1002 et. seq.

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury – Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | FEDERAL TAX SUITS | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | ☐ 871 IRS – Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Other (including 1983 Actions) | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23    DEMAND **$40,000.00**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY: (See Instructions):
JUDGE _____    DOCKET NUMBER _____

DATE August 11, 2004

SIGNATURE OF ATTORNEY OF RECORD
John M. Brown, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Trustees of the Teamsters Local Union No. 404 Health Services and Insurance Plan v. James P. Cote, et al**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    - [ ] I.  160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
    - [✓] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
    - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
    - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
    - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    **None**

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES [ ]   NO [✓]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES [ ]   NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES [✓]   NO [ ]

    A. If yes, in which division do all of the non-governmental parties reside?
       Eastern Division [ ]   Central Division [ ]   Western Division [✓]

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  **John M. Brown, ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
ADDRESS  **333 East River Drive, Suite 101, East Hartford, CT 06108**
TELEPHONE NO.  **(860) 290-9610**

(Coversheetlocal.wpd - 10/17/02)

## ROBERT M. CHEVERIE & ASSOCIATES, P.C.
### ATTORNEYS AND COUNSELLORS AT LAW

ROBERT M. CHEVERIE*
THOMAS M. BROCKETT
JOHN T. FUSSELL
GREGORY S. CAMPORA
JOHN M. BROWN*
*ALSO ADMITTED IN MASSACHUSETTS

COMMERCE CENTER ONE
333 EAST RIVER DRIVE, SUITE 101
EAST HARTFORD, CONNECTICUT 06108

TELEPHONE 860-290-9610
FAX 860-290-9611
E-MAIL INFO@CHEVERIELAW.COM

August 11, 2004

Office of the Clerk
**UNITED STATES DISTRICT COURT**
District of Massachusetts
United States Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

**RE: TRUSTEES OF THE TEAMSTERS LOCAL UNION NO. 404
HEALTH SERVICES AND INSURANCE PLAN
v. JAMES P. COTE, RONALD R. LAROCQUE, ESQ.
AND MICHAEL R. LABRIE, ESQ.
FILING OF COMPLAINT**

Dear Sir/Madam:

Enclosed for filing please find an original and one copy of a Complaint to be filed with regard to the above-referenced parties. Kindly insert the case number, date stamp the extra copies, and return them to me in the enclosed self-addressed, stamped envelope. The filing fee of *$150.$^{00}$* is also enclosed.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

John M. Brown

JMB/ldm

Enclosures

G.SC.TRI STATE.404.LIEN REIMBURSEMENTS.COTE
LTR Court enc Complaint 8-11-04